## Commonwealth v. Gabig

*Joseph Nelson,* for Commonwealth.
*Anna Belle Jones,* for defendant.

ACKER, J., August 19, 1969.—Defendant has appealed from an adjudication of guilt by a justice of the peace for violation of The Vehicle Code of April 29, 1959, P. L. 58, art. 5, sec. 502.1, as amended, 75 PS §502.1. This act states:

"A person entitled to registration under clause (1) (Repair, Service and Towing) of the definition of 'Miscellaneous Motor Vehicle Business' in section 102 of this act may only use registration plates issued to him in that class in direct connection with the operation of his repair, service and towing business, and such registration plates shall not be used for his personal pleasure or personal use."

The matter was submitted to the court under an agreed statement of facts which disclosed that on January 17, 1969, defendant was in the employ of her husband who was the owner and operator of Gabig's Texaco of R. D. 6, Mercer, Pa. On January 17, 1969,

she drove a Ford convertible bearing a business registration plate into the Borough of Mercer for the purpose of obtaining change at the Northwest Pennsylvania Bank and Trust Company. Following this, she then drove to the A. & P. store in the Mercer Plaza to purchase toilet paper and hand towels for the Texaco Station. While there, she also purchased other grocery items in a bag with celery protruding out of the top for her husband and herself in their personal use. She then drove to the Mercer Beer Distributors on West Venango Street, also in Mercer, to purchase a case of beer for her husband. At this point, she was stopped by the State Police and charged with the violation of the above-quoted statute. The agreed issue is, can an operator of a motor vehicle bearing MV business registration plates make personal stops which do not deviate from the area of travel, while on route to or from a use of the vehicle in direct connection with the operation of a repair and towing service without being in violation of The Vehicle Code of April 29, 1959, art. V, sec. 502.1, as amended? The answer must be no.

The very language of the statute as noted above specifically says that such registration plates shall not be used for personal pleasure or personal use. A reading of the transcript from the justice of the peace indicates the potential danger in attempting to grant judicial deviations from the plain language of the statute. There, counsel for defendant cross-examined the trooper as to whether he knew if defendant was getting the beer for Mr. Gabig, the owner of the place, to drink with his lunch, intending that this would be in direct connection with the operation of this business. If this argument is to be accepted, the purchase of food for the consumption of the owner is equally for his personal use. Therefore, it would be very difficult to determine that any pur-

chase, directly or indirectly connected with the owner of the premises, would be within the desired purview of the statute. All of this is directly contrary to the express language of the statute and cannot be accepted.

Although there are no cases construing this specific section, there are cases sufficiently close by analogy that are worthy of attention.

In Commonwealth v. Harvey, 27 D. & C. 2d 608 (1962), defendant was found guilty for using his employer's truck bearing dealer's plates to transport a load of Christmas trees from a lot he had recently purchased and cleared, intending to sell the trees. The only contention raised in defense was that the transgression was but minor; that it was a so-called "one shot" small business adventure; and that he should not be penalized merely because he was trying to make an honest dollar instead of burning or otherwise destroying the trees he wished to remove. This argument was denied by the court and the decision of the justice of the peace was affirmed.

In Commonwealth v. Famous, 6 Chester 161 (1954), defendant was charged with using dealer's plates to haul stone to be used in the grading of the dealer's garage premises. This was a business use, it was contended by defendant. The court held this to be a use not authorized or contemplated by the licensing statute and found defendant guilty.

Finally, in Commonwealth v. Riter, 6 D. & C. 2d 697 (1956), defendant was found guilty where a station wagon was licensed for passenger use, but was, in fact, used for the delivery of small parts and samples in connection with the company's business. This was held to be a commercial use. In Commonwealth v. Young, 17 D. & C. 2d 649 (1959), Commonwealth v. Riter, supra, is discussed and not followed. There, Kreisher, P. J., of Columbia County, holds that the

legislature rather than the Bureau of Motor Vehicles must determine if station wagons are to be taken out of the passenger classification and, therefore, refused to find a defendant guilty for a violation very similar to that in Commonwealth v. Riter, supra. The obvious distinction between Commonwealth v. Young, supra, and the instant case is that the legislature did specifically state in this case that the plates shall not be used for personal pleasure or personal use.

The confusion which frequently caused misunderstandings of the rights for use of plates by members of the family is demonstrated in Commonwealth v. Santmyer, 24 D. & C. 2d 318 (1961). This case construes section 502 of The Vehicle Code of April 29, 1959, P. L. 58, as amended by the Act of August 28, 1959, P. L. 782, 75 PS §502, where registration plates in the "dealer's class" may be used by a dealer or an employe of the dealer for the personal pleasure and personal use of such dealer or the member of his family when operated by such dealer or a member of the immediate family. So in the Santmyer case, supra, a motion to quash was sustained where the son of an automobile repair shop owner was operating an automobile with dealer's registration plates belonging to his father. No such similar provision prevails for registration of repair service and towing as involved in this case.

Wherefore, the decision of the justice of the peace finding defendant guilty is sustained.

## ORDER

And now, August 19, 1969, defendant is adjudged guilty of a violation of The Vehicle Code of April 29, 1959, art. V, sec. 502.1, as amended, and ordered to pay a fine of $10 and costs of prosecution.